**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARSHALL MOFFETT,

    Petitioner,

v.                                                                             Case No. 8:08-cv-253-T-26TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Moffett's petition for the writ of habeas corpus, filed in the Northern District of Florida, was transferred to this district. According to the transfer documents (Dkt. 1), Moffett paid the filing fee. The court finds that the petition warrants service on the named respondent.

    **ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that the clerk is directed to send a copy of this order, the petition (Dkt. 2), and the supporting memorandum (Dkt. 3) to both the respondent and the Attorney General of the State of Florida.

    The respondent shall respond to the petition within **THIRTY-FIVE (35) DAYS** and show cause why the court should not grant the petition. The respondent shall support his response with a copy of the state court record, including circuit and district court orders, post-conviction motions, appellate briefs, and transcripts of all relevant

pre-trial, trial, and post-conviction proceedings.  The respondent must individually tab for identification all transcripts, briefs, and other documentary exhibits and provide a table of contents or index.

The response shall state whether Moffett has exhausted his state remedies, including post-conviction remedies and appeals.  If the respondent contends that Moffett has not exhausted his state remedies, the response shall contain a detailed explanation of which state remedies are still available.

**The response shall also state whether the United States District Court Judge presiding over this case or the United States Magistrate Judge assigned to this case was involved in any of the state court proceedings in the state court proceedings. The respondent has an ongoing duty to inform the court of such involvement if the case is hereafter reassigned to another judicial officer.**

Before counsel has appeared for the respondent, Moffett shall send to the respondent a copy of every pleading, motion, or other paper submitted for filing.  After counsel has appeared for the respondent, Moffett shall send copies of documents directly to counsel for the respondent rather than to the respondent personally.  Each document Moffett submits for filing must include a certificate stating the date that an accurate copy was mailed to the respondent or counsel for the respondent.  The court will strike any document that fails to contain a proper certificate of service.  Moffett shall advise the

court of his current mailing address at all times, especially if Moffett is released from custody.

Moffett has **TWENTY (20) DAYS** to reply to the response. If the respondent files a motion to dismiss, Moffett is advised out of an abundance of caution[1] that the granting of the motion will result in the dismissal of this case. If the motion to dismiss includes supporting documents, the court could construe the motion to dismiss as a motion for summary judgment. In preparing an opposition, Moffett should review the provisions of Rule 56, Federal Rules Civil Procedure. When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in the pleadings. The party opposing the motion must respond with sworn affidavits and/or documents that specifically show a genuine issue of material fact is disputed. If the opposing party fails to oppose the motion or the opposition fails to comply with the requirements of Rule 56, Federal Rules Civil Procedure, the court may declare the facts in the affidavits and/or documents supporting the motion as true and find that no genuine issues of material facts are disputed. In that event, the court may find that the party who filed the motion is entitled to have the motion granted and final judgment entered in his favor.

---

[1] See Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985), and Milburn v. United States, 734 F.2d 762 (11th Cir. 1984), expressing concern about pro se litigants in summary judgment cases.

If Moffett does not timely file a response to the motion to dismiss or construed motion for summary judgment, the court may decide the motion without further notice.

**DONE AND ORDERED** in Tampa, Florida, on February 6, 2008.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**